**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6675

STANLEY TYRONE PALMER,

Petitioner - Appellant,

versus

H. POWELL, Warden, Department of Corrections;
COMMONWEALTH OF VIRGINIA,

Respondents - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  David G. Lowe, Magistrate
Judge.  (CA-03-813)

Submitted:  October 7, 2004          Decided:  October 13, 2004

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Stanley Tyrone Palmer, Appellant Pro Se. Alice Theresa Armstrong,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Stanley Tyrone Palmer seeks to appeal the magistrate judge's order denying relief on his petition filed under 28 U.S.C. § 2254 (2000).[*] An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Palmer has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c) (2000).

- 2 -